IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONTAVIAN WOODS, TDCJ #1380995, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-08-3796 |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent.[1] | § § | |

## **MEMORANDUM AND ORDER**

The petitioner, Dontavian Woods (TDCJ #1380995), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").  Woods has filed a *pro se* motion for a "bench warrant."  Because Woods seeks his immediate release from state custody, the Court construes the motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court sentence.  After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

---

[1] The pleadings filed by the petitioner do not list a respondent.  Because the petitioner is in custody of the Texas Department of Criminal Justice - Correctional Institutions Division, the Court substitutes Director Nathaniel Quarterman as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

## I.  BACKGROUND

Woods reports that he is currently in custody at TDCJ's Coffield Unit in Tennessee Colony, Texas.  Woods is serving a five-year prison sentence that he received in June of 2006, in the 228th District Court of Harris County, Texas, for possession with intent to deliver cocaine in cause number 1044323.  Woods discloses that he was also convicted in federal court on charges of unlawful possession of a firearm by a previously convicted felon. *See United States v. Woods*, Crim. No. H-06-0027 (S.D. Tex.).  The record in that case shows that Woods pleaded guilty to those charges in March of 2006.  In a judgment entered on July 16, 2006, this Court sentenced Woods to serve thirty-seven months in federal prison, followed by a three-year term of supervised release.

In his pending petition, Woods complains that the five-year sentence that he received in state court has expired because he has served over three calendar years of "flat time." Woods insists, therefore, that he is entitled to release from state custody so that he can begin serving his federal sentence.  Woods provides no authority in support of his request for relief in federal court.  Arguing that state prison officials have calculated his sentence in error, thereby delaying the start of his federal sentence, Woods asks this Court, in effect, to issue a writ of habeas corpus to effect his immediate release from TDCJ and his transfer to federal custody.[2]

---

[2]  Although Woods received his federal sentence in this Court, federal district courts lack authority over a defendant's place of imprisonment.  A sentencing court may recommend a defendant's placement at a particular facility, but this recommendation is not binding.  The ultimate authority over classification decisions is vested with prison officials. *See* 18 U.S.C.
(continued...)

The claims presented by Woods concern the administration of a state court sentence by state prison officials. Because it is appears that Woods has not yet exhausted available state court remedies with respect to his claims, the Court concludes that the pending federal petition must be dismissed as premature for reasons that follow.

## II.     EXHAUSTION OF REMEDIES

Under the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that

---

²(...continued)
§ 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."); *United States v. Voda*, 994 F.2d 14, 151-52 (5th Cir. 1993) (observing that "a court may recommend that a sentence imposed under [18 U.S.C. § 3621] be served in a particular prison or jail, but that only the Bureau of Prisons has the actual authority to designate the place of confinement") (citations omitted). Likewise, a federal district court lacks authority to interfere with a valid state court sentence absent a showing that the petitioner is entitled to relief under the habeas corpus statutes. *See* 28 U.S.C. §§ 2241, 2254.

render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(b)(1)(C). In Texas, a criminal defendant may challenge a state court conviction and sentence by taking the following paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."). In addition, as of January 2000, Texas inmates who dispute the amount of time they have served may be required to present their claims to a prison "dispute resolution" tribunal prior to filing an application for a writ

4


of habeas corpus under Article 11.07. *See* TEX. GOV'T CODE ANN. § 501.0081 (Vernon Supp. 2001); *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000) (per curiam).

Woods does not allege or show that he has requested relief from the TDCJ time-credit dispute review tribunal. Likewise, Woods does not demonstrate that he has challenged the administration of his sentence with a state habeas corpus application under Article 11.07. Thus, it appears that the Texas Court of Criminal Appeals has not yet had an opportunity to address the issues raised in the pending petition. Because this state process remains available, the petitioner does not satisfy any statutory exception to the exhaustion doctrine. Comity requires this Court to defer until the Texas Court of Criminal Appeals has addressed the petitioner's claims. It follows that the pending federal habeas petition must be dismissed as premature for lack of exhaustion.

### III.     **CERTIFICATE OF APPEALABILITY**

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

For these reasons, the Court **ORDERS** as follows:

1. The petition is **DISMISSED WITHOUT PREJUDICE** for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

2. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on January 23, 2009.

_____
Nancy F. Atlas
United States District Judge